## MARIA YORK v. JOSEPH JANES.

1. Where the payee designedly altered a promissory note after delivery to him, and without the maker's consent or knowledge, by writing in the body of the note, after his own name, the word "collector," and this disclosure is made before the note is offered in evidence, it was

correctly held to be inadmissible, upon the ground that it was an altered instrument.

2. Where a township collector, at the request of a person assessed for taxes, assumed the payment of the same, gave his official receipt and charged himself with the tax as paid to him, and on retiring from office settled with the township upon the basis of having this money in the township treasury, and paid over to the township the balance due to it in his accounting—*Held*, that he was entitled to recover such moneys in an action for money paid for the use of such person on his request.

On error to the Union Circuit.

Argued at February Term, 1881, before Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff in error, *G. Berry.*

For the defendant in error, *T. D. Hodges.*

The opinion of the court was delivered by

KNAPP, J. Defendant in error brought suit against the plaintiff in error as maker of a promissory note. Upon the trial of the cause the defendant below asked and had sealed a bill of exceptions upon the refusal of the court to nonsuit the plaintiff below when he rested his cause. Error is here assigned upon that refusal.

The declaration contained only the common counts, with a notice and the following copy of note annexed :

"$504. ELIZABETH, N. J., March 1st, 1876.

"Three months after date I promise to pay to the order of Joseph Janes, *collector,* at the First National Bank of Elizabeth, five hundred and four dollars, for value received, with interest. (Signed,) MARIA YORK."

The sole subject of inquiry here is whether the plaintiff below adduced proof proper to be submitted to the jury upon all points essential to the support of his case.

In proving the execution of the note, the testimony discovered the fact that the payee designedly altered it after delivery to him, and without the maker's consent or knowledge, by writing in the body of the note, after his own name, the word "collector." This disclosure being made before the note was offered in evidence, when the offer came the court refused it admission in the case, on the ground that it was an altered instrument. We assume, in the interest of the defendant below, that this course of the court was in accord with the ruling in *Hunt* v. *Gray*, 6 *Vroom* 227, and that the note was properly rejected.

On inquiry, under the plaintiff's case, into the consideration of the note, it came out that at the time of its inception the defendant below was indebted to the township of Linden, in the county of Union, in the amount stated in the note, for taxes assessed against her property lying in that township; that she, for reasons which concerned her own interests, desired her property freed from the lien of the tax, and being without the money to pay the tax, she applied to the plaintiff, who was collector of the township, and chargeable with the duty of collecting taxes due to the township, to assume payment for her. To this he assented, gave to her his official receipt, and charged himself with the tax as paid to him, making himself thereby liable to the township, if it accepted his credit in lieu of hers, to pay the amount. The promissory note was taken to secure repayment to the plaintiff. Up to this time no consideration had passed to the promisor for the note. The town had neither accepted the plaintiff's undertaking nor discharged her from liability to pay. But the plaintiff, on retiring from his office, settled with the township upon the basis of having this money in the township treasury, and paid over to the township the balance due to it on his accounting. We are not called upon to vindicate the regularity or propriety of this transaction in such a public officer. It is aside from our inquiry, as no feature is presented by the particular circumstances which lessens the defendant's liability. The foregoing facts were either established in proof

or had legally competent evidence in the plaintiff's case directly tending to their proof.

This evidence was for the jury, and was properly submitted to them.

Now, it seems to us entirely clear, if we put the note out of the case altogether, that there was, if the jury believed the evidence, a plain ground of action laid for money paid by the plaintiff for the use of the defendant, on her request. A nonsuit was therefore quite out of defendant's reach.

To the objection that the testimony left it in doubt whether the plaintiff paid the money before the suit was entered, it is sufficient to say that there was proof upon the point of an earlier payment, which could not have been withheld from the jury.

It is urged that the notice annexed to the declaration, standing as a bill of particulars, contains no distinct claim for money paid, and therefore no effect should have been given to the testimony in that view.

But the notice was amendable, and doubtless would have been amended if the objection had been made below, as no surprise could have been shown to the defendant's injury. The amendment will, if necessary, be made here under the rule of practice established in this court. *Willis* v. *Fernald*, 4 *Vroom* 206.

The judgment should be affirmed.